WALLACE, JUDGE:
This claim in the amount of $142.12 was filed against the respondent for the damaged tire and rim of a 1977 Chevrolet Van owned by Mary Alice Roberts.
Richard Roberts, husband of the claimant, testified that he did not know exactly when the accident occurred, but it was on the 16th or 17th of April, 1980, that he drove the van to a meeting in the evening and struck a pothole, and that his wife drove to work the next morning where the damaged tire and rim were noticed after she parked in the parking lot. He stated, “It was me that night or she did it that morning. I couldn’t tell you exactly which.”
Mr. Roberts was driving the van westerly on West Virginia Route 25 in Nitro, West Virginia. He proceeded through a series of potholes. He testified that he knew they were there, that he slowed down to four to five miles per hour, that he notified the respondent after the damages were discovered, and that the respondent repaired the road the next day. He further stated that the pothole had existed since Christmas of 1979, but that he had made no complaints.
Mrs. Roberts did not testify at the hearing.
This claim originally was filed by Richard Roberts, but in the course of the hearing, Mr. Roberts testified that the van was *418 registered in the name of Mary Alice Roberts. As a result, the Court amended the claim to reflect that Mary Alice Roberts was the claimant.
The evidence is not conclusive as to when and how the damages actually were sustained by the van, nor is there any evidence that the respondent had notice of the defective condition of the road. For the State to be found negligent, it must have had actual or constructive notice of the particular road defect which allegedly caused the accident. Davis v. Department of Highways, 12 Ct.Cl. 31 (1977). The record in this case contains no evidence of any notice to the respondent or failure to act on the part of the respondent. The State is neither an insurer nor guarantor of the safety of travelers on its highways (Adkins v. Sims, 130 W.Va. 645 [1947]), and no award can be made without proof of negligence; therefore, the Court disallows the claim.
Claim disallowed.